I dissent from the majority's decision because I believe the jury's verdict was insufficient upon the undisputed facts.
The thrust of the testimony given by Dr. Manns, appellee's expert, was that appellant suffered some injury in the February 1993 auto accident, but not as extensive an injury as appellant claimed.
On direct examination, Dr. Manns testified appellant's treatment through the summer of 1993 was appropriate because that ". . . with reasonable medical certainty is a time span in which the pain from a jarring, being thrown around in a car, would be expected to resolve itself as it was . . ." T. at 115. Thereafter, when asked his opinion of the cause of appellant's complaintsafter the summer of 1993, Dr. Manns testified appellant's symptoms were due to her extensive arthritis.
Appellant presented evidence she incurred $5,581.19 in medical expenses from February 13, 1993 to August 31, 1993. Appellant argues the jury verdict of $5,000 is less than her medical expenses, and gives her no compensation for pain and suffering.
I agree. The issue here was the extent of appellant's injury and the jury award does not fully compensate her for the extent of injury conceded by appellee's expert. I would sustain the assignments of error and remand for a new trial.
 ____________________________ JUDGE W. SCOTT GWIN
 JUDGMENT ENTRY
CASE NO. 1997CA00170
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.